Cindy M. Auld and Scott B. Auld,                           Case No. 18-cv-1303 (JRT/HB)

                    Plaintiffs,

  v.                                                                    **ORDER**

New Penn Financial LLC d/b/a Shellpoint
Mortgage Servicing, John Doe, Mortgage
Contracting Services, LLC, and
Champion Property Services, LLC,

                    Defendants.

HILDY BOWBEER, United States Magistrate Judge

        This matter is before the Court on Plaintiffs' Motion to Overrule Subpoena

Objections and Compel Subpoena Compliance [Doc. No. 24].  Plaintiffs move pursuant

to Federal Rule of Civil Procedure 45 for an order overruling the objections of the

Hennepin County Human Services and Public Health Department ("Hennepin County")

to a subpoena served on September 6, 2018, and ordering Hennepin County to comply

with the subpoena.  For the reasons set forth below, the Court denies the motion without

prejudice.

**BACKGROUND**

        Plaintiffs have filed a Fair Debt Collection Practices Act (FDCPA) case against

Defendants alleging, *inter alia,* that as-yet-unnamed defendant John Doe, whom

Plaintiffs allege to be an employee or representative of Defendant New Penn Financial

LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") who visited the Plaintiffs' home

on May 10, 2017, reported false information to Hennepin County concerning the

condition of that home and a purported risk to Plaintiffs' minor children. (Compl. ¶¶ 6,

31-33 [Doc No. 22].) Plaintiffs allege that because Shellpoint was attempting to collect

on a debt, the actions of John Doe were a violation of the FDCPA. (*Id.* ¶ 65-66.)

Plaintiffs allege that John Doe and Shellpoint also committed abuse of process and

slander. (*Id.* ¶¶ 73-94.)

In an attempt to determine the identity of John Doe, Plaintiffs served a subpoena

upon Hennepin County on September 6, 2018, seeking

> A complete copy of any document (or electronically stored
> information) associated with your case name "Auld Cindy
> 488231755," specifically including the identity and contact
> information of the individual or individuals cited by the Child
> Protection Assessment Summary and Chronology Summary as
> reporting information about the Aulds and their home to the
> Hennepin County Human Services and Public Health Department
> on May 10, 2017 and May 17, 2017.

(Drewes Decl. Ex. A [Doc. No. 27].)

On September 21, 2018, the date set for compliance with the subpoena and fifteen

days after the subpoena was served, Hennepin County responded to the subpoena. It

objected in writing to the disclosure of certain information, citing Minnesota Statute

§ 626.556, subd. 11(a). It also produced sixty pages of documents, but consistent with

§ 626.556, subd. 11(a), it redacted from the documents the identity of the party who

reported the information about Plaintiffs to Hennepin County. (Drewes Decl. ¶¶ 5-11,

Ex. D [Doc. No. 27].) When meet and confer efforts failed, this motion followed.

**DISCUSSION**

Minnesota Statute § 626.556, subd. 11(a), provides that the subject of a child welfare report may compel from the agency responsible for investigating the report "disclosure of the name of the reporter only with the consent of the reporter or upon a written finding by the court that the report was false and that there is evidence that the report was made in bad faith."

Plaintiffs move to compel Hennepin County to comply fully with the subpoena and disclose the identity and contact information of the individual who reported information about Plaintiffs and their home to Hennepin County. Relying upon the United States Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co*, 559 U.S. 393 (2010),[1] they argue that the Federal Rules of Civil Procedure governing discovery supersede any state laws that purport to impose different or more restrictive requirements for the disclosure of relevant information. They further contend that there is no other cost-effective means of ascertaining John Doe's identity. (Drewes Decl. ¶ 20.) Plaintiffs also argue that Hennepin County waived its objections to the subpoena by filing them one day late.[2]

---

[1] In *Shady Grove*, the Court considered whether Federal Rule of Civil Procedure 23 or a New York state statute governed whether a suit could proceed as a class action. 559 U.S. at 396. The Court applied an established two-part framework to determine, first, that Rule 23 answered the question in dispute and, second, that Rule 23 strictly regulated procedure and was therefore valid despite the unintended effect on New York law. *Id.* at 399, 410.

[2] Federal Rule of Civil Procedure 45(d)(2)(B) provides that objections to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." It is undisputed that Hennepin County's objections were served

Hennepin County responds that under § 626.556, subd. 11(a), it cannot disclose the identity of the reporter without a court order, and that any such order must be premised on "a written finding by the court that the report was false and that there is evidence that the report was made in bad faith." The County acknowledges this Court's and the parties' interests in fulsome discovery under Federal Rules of Civil Procedure 26 and 45, but points out that those interests must be balanced against the state's strong public policy interest, reflected in the statute, in encouraging reporting of child endangerment by protecting the confidentiality of reporters. In response to Plaintiffs' *Shady Grove* argument, Hennepin County points to the United States Supreme Court's decision in *Jaffee v. Redmond*, 518 U.S. 1, 8 (1996), and urges that the more apt analytical framework is how the federal courts treat claims of privilege arising under state law. Thus, the County argues, it cannot simply turn over the information in response to a subpoena, and the Court should not order disclosure of the reporter's identity without making the findings required by the statute.

As an initial matter, the Court will not find that Hennepin County's objections based on § 626.556, subd. 11(a), were waived by the one-day delay. While a missed deadline is never something to be taken lightly, the mistake was understandable, there is no evidence that it was for any improper purpose, and Plaintiffs do not even try to argue that they were prejudiced thereby. Furthermore, the "real party in interest" with regard to

_____

on the day specified for compliance, which was 15 days after the subpoena was served, and therefore were one day late. (Hennepin County's Resp. at 5 [Doc. No. 32].)

the objections made was arguably not the County, but the reporter who has an interest

recognized by Minnesota law in the confidentiality of his or her identity.  Under these

circumstances, justice would not be served by finding those objections waived.

Turning to the merits of the dispute, the Court concludes that at this juncture it

need not definitively resolve the question of the interplay between the Federal Rules

governing discovery and the protections of Minnesota Statute § 626.556, subd. 11(a),

because it is not clear on the record currently before the Court that Plaintiffs have

exhausted other reasonable means of identifying the Shellpoint employee or

representative who allegedly inspected the home on May 10 and allegedly made the child

welfare report to the County.[3]  Significantly, Plaintiffs' motion papers say nothing about

whether they have pursued this line of inquiry with Shellpoint.  Nothing in § 626.556,

subd. 11(a), would preclude Shellpoint or the other named Defendants from disclosing

the name of the person or persons who inspected the home on their behalf on or about

May 10, 2017, or would preclude Plaintiffs from deposing that person to pursue their

inquiries about whether he or she made the report to Hennepin County.  If those efforts

prove unsatisfactory or inconclusive, Plaintiffs may renew their motion, and the Court

would consider ordering an *in camera* disclosure of the reporter's name for the purpose

of comparing it with the names of Defendants' employees and representatives known to

have been involved in the home inspection.  But it is not lost on the Court that if the

---

[3] Plaintiffs' counsel alleges rather conclusorily in his declaration that there are no other cost-effective means of obtaining the name of the person who made the report, but does not explain what means have been attempted or considered.

5

reporter is not who or what Plaintiffs think, and was not affiliated with or acting on behalf of any of the Defendants in this case, then the identity of the reporter is irrelevant to Plaintiffs' claims.  In that case, there would be no conflict between the Federal Rules and § 626.556, subd. 11(a), because the Federal Rules do not require the disclosure of information that is not relevant to the claims or defenses in the case.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Overrule Subpoena Objections and Compel Subpoena Compliance [Doc. No. 24] is **DENIED WITHOUT PREJUDICE.**

Dated: January 9, 2019

  s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge